IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENDRA M. TIGER,                    )
            Plaintiff,              )
                                    )
v.                                  )          Case No. 07-1219-MLB
                                    )
GARRISON MANAGEMENT                 )
COMPANY,                            )
            Defendant.              )
                                    )

## COMPLAINT

COMES NOW the plaintiff, Kendra M. Tiger, and for her complaint against the

defendant, alleges:

1.  The plaintiff brings this action to recover from defendant damages for wages,

overtime wages and an additional equal amount as liquidated damages, pursuant to the Fair

Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 207(a)(1) and 216(b), as hereinafter more

fully appears.  The plaintiff also brings a claim for wages and statutory penalties pursuant

to the Kansas Wage Payment Act, K.S.A. 44-312 et seq.  The plaintiff also brings a claim

for contract bonuses and mileage incurred by plaintiff in the performance of her duties for

the defendant.

2.  Jurisdiction is conferred upon this Court by 29 U.S.C. §§ 216(d) and 28 U.S.C.

§1331.  Supplemental jurisdiction over the plaintiff's state law claims is conferred by 18

U.S.C. § 1367.

3.  At all times relevant herein, the defendant, Garrison Management Company, was

an "employer" within the definitions of the FLSA, 29 U.S.C. § 203 and 29 U.S.C. § 206(d).

As such, the defendant is subject to the requirements of the FLSA, 29 U.S.C. § 201 et seq., including the overtime provisions of 29 U.S.C. § 207(a)(1).

4.    The defendant Garrison Management Company is a Missouri corporation registered and qualified to do business in Kansas.  The defendant has a principal place of business at 7301 Mission Road, Suite 212, Prairie Village, Kansas.  At all times material herein, the defendant managed and operated  an apartment complex, commonly known as the Silverwood Apartments, 2716 E. 12th Avenue, Winfield, Kansas.

5.   Venue is proper in the District of Kansas because the unlawful employment practices alleged below were committed within the State of Kansas.

## GENERAL ALLEGATIONS

6.   The plaintiff began working as a non-exempt employee for the defendant at the Silverwood Apartments on or about September 1, 2004, as a maintenance worker.  As a maintenance worker, the plaintiff performed maintenance and repairs on the apartment complex units, common areas and grounds, including, but not limited to, lawn care, cleaning apartments, painting and general repairs, replacement of cabinets and plumbing fixtures, and other work that required manual labor.  The plaintiff's employment agreement with the defendant required the plaintiff to work a minimum of 20 hours work per week at a weekly wage of $162.

7.   On or about November 9, 2004, the plaintiff agreed to perform additional duties of up to 20 hours each week as the manager of the Silverwood Apartments.  The duties of the manager included signing tenants to leases and assisting tenants to qualify for tax credit

apartments.   The plaintiff's compensation for the 20 hours of management work was a weekly wage of $207.69, plus the use of an apartment at the complex, which normally rented for $495.00 per month.   The plaintiff continued to perform work greatly in excess of 20 hours each week for maintenance and repairs to the apartment complex units, common areas and grounds after she became the manager.

8.   During the plaintiff's employment with the defendant, her primary duties were manual work involving maintenance and repairs on the apartment complex units, common areas and grounds.   Her managerial duties were less than 50% of her weekly hours.

9.   From January 1, 2005 to April 22 ,2006, a period of 68 weeks, the plaintiff worked approximately 5,150 hours for the defendant, or an average of over 75 hours per week.

10.   The work performed by the plaintiff was authorized by the defendant and it was known to the defendant that the plaintiff worked overtime hours.

11.   Despite being on notice of the plaintiff's overtime work and the plaintiff's right to payment of overtime wages, the defendant refused to pay plaintiff overtime wages.

### COUNT 1 - FAIR LABOR STANDARDS ACT CLAIM

12.   The plaintiff performed overtime work from January 1, 2005 to April 22 ,2006 for which she is entitled to wages and overtime pay at the rate of one and one-half times her hourly wage, as provided in 29 U.S.C. § 207(a)(1), for an amount in excess of $56,820.00.

13.   The defendant's violation of plaintiff's statutory rights was willful within the meaning of 29 U.S.C. §255(a) of the FLSA, 29 U.S.C. § 207(a)(1).

14.   The plaintiff is entitled to recover liquidated damages from the defendant.

## COUNT 2 - KANSAS WAGE PAYMENT ACT CLAIM

15.  The Kansas Wage Payment Act, K.S.A. 44-314, required the defendant to pay the plaintiff wages due on the regular paydays agreed upon by the parties.  The defendant failed to pay the plaintiff wages due for all of the maintenance work performed by the plaintiff at the Silverwood Apartments.

16.  The plaintiff is entitled to recover from the defendant unpaid wages, including overtime wages at the rate of one and one-half times her hourly wage, in the amount of $56,820.

17.  The defendant's failure to pay timely plaintiff her wages when due was willful.

18.  The plaintiff is entitled to recover statutory penalties from the defendant at the rate of 1% per day of the unpaid wages as provided in K.S.A. 44-315(b).

## COUNT 3 - BONUSES AND MILEAGE

19.  The defendant agreed to pay the plaintiff bonuses for leasing and renewing leases for units and to reimburse the plaintiff for mileage incurred by the plaintiff in the performance of her duties for the defendant.  The plaintiff earned bonuses and incurred mileage in the discharge of her duties.

20.  The plaintiff is entitled to recover contractual bonuses in the amount of $875.00, with statutory interest.

21.  The plaintiff is entitled to recover an amount for reimbursement of her mileage in the amount of $2,830.47, with statutory interest.

WHEREFORE,  the plaintiff prays the Court enter judgment in her favor for the

4

defendant's violations of the Fair Labor Standards Act and Kansas Wage Payment Act and the plaintiff's contractual agreement with the defendant as follows:

A.    Damages for plaintiff's overtime wages as may be proven, plus interest;

B.    An amount equal to plaintiff's overtime damages as liquidated damages;

C.    An award of costs incurred in this action, including reasonable attorneys fees as provided by 29 U.S.C. § 216(b);

D.    Damages for plaintiff's unpaid wages;

E.    Statutory penalties from the defendant at the rate of 1% per day of the unpaid wages as provided in K.S.A. 44-315(b);

F.    Contract bonuses in the amount of $875.00, plus interest;

G.    Damages for reimbursement of plaintiff's mileage in the amount of $2,830.47, with statutory interest; and

H.    Such other relief as may be lawful and just.

Respectfully submitted,

YOUNG, BOGLE, MCCAUSLAND,
    WELLS & BLANCHARD, P.A.
 106 West Douglas, Suite 923
 Wichita, Kansas  67202-3392
Telephone:   (316) 265-7841
Facsimile:    (316) 265-3956
E-mail: p.mccausland@youngboglelaw.com

By s/ Paul S. McCausland
Paul S. McCausland, Kan.S.Ct. #08878
Attorneys for Plaintiff